LOUIS ZIMMER, Respondent, v. BROOKLYN SUB-RAILWAY Co., Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Pleadings. Amendment.*—An admitted allegation in a pleading cannot be annulled by the general term, under the guise of conforming the pleading to the proof.
2. *Contract. Payment.*—Where the plaintiff agreed not to call for pay except when the defendant had money applicable to the payment of his claim, he cannot insist that defendant shall continue a losing business, in order to procure funds out of which to pay him.
3. *Same. Condition precedent.*—The proposition that, where the fulfillment of a condition precedent has been prevented by the act of the defendant, the plaintiff is relieved from the necessity of proving such fulfillment, does not apply to such contract.

Appeal from a judgment entered on a verdict directed by the court.

*Shipman, Barlow, Larocque & Choate (S. Hanford,* of counsel), for appellant.

*Howard R. Bayne,* for respondent.

VAN BRUNT, P. J.—The complaint alleged the incorporation of the defendant, the incorporation,—in December, 1885, of the Bridge Tunnel Company; that said company made and entered into an agreement with the plaintiff, as follows:

"44 WALL ST., NEW YORK, *December* 2, 1885. *Louis Zimmer, Esq.,*

DEAR SIR,—On behalf of the Bridge Tunnel Co., we accept your offer to obtain the majority or requisite number of consents of property holders on Flatbush avenue, between

Fourth avenue and Fulton street, to the tunnel.  We to pay therefor, at the rate of three dollars per $1,000 assessed value, for all valid consents required.  We agree to advance you (10) ten dollars per week up to the fifteenth of January next, and to pay the balance which may be due for the consents after the proposed consolidation with the South Ferry and S. S. Direct Transit Co., and when the company has the money, it being left to our judgment to say when that time is.

Yours truly.

CHARLES S. FRANKLYN,
CHARLES A. SACKETT,
WILLIAM F. VAN PELT,

*Executive Committee.*"

That thereafter the plaintiff in pursuance of the agreement obtained consent in writing of property owners of a total assessed value of $224,800 ; that thereafter the Bridge Tunnel Co., was duly consolidated with the South Ferry and South Side Direct Transit Co., and the Tunnel Extension Company, corporations then existing and duly organized under the law of the state of New York, and that the defendant then and there became vested with all the privileges, rights and franchises assumed and agreed to pay in consideration thereof all the debts and liabilities of said several companies; that although the plaintiff had performed the contract between himself and the Bridge Tunnel Company, the said company has failed, neglected and refused to avail itself of its resources to receive and collect money due and payable to it whereby it has resulted that said company has not had money in its treasury to pay in full the money due to plaintiff ; that said defendant having under the agreement of consolidation acquired the assets and assumed the liabilities, was under the same obligation as the said tunnel company to the plaintiff, and for the same reasons the defendant has not had in its treasury the amount due to plaint-

iff for said consents, and the plaintiff demanded judgment for the amount remaining unpaid.

The answer of the defendants admits the agreement, the consolidation, and that it has not got the money, but denies that there has been any neglect either on its part or on the part of the tunnel company, or any refusal to avail itself of its resources to receive and collect money due and payable to it; and then alleges that it was expressly stipulated and agreed that whatever might become due to the plaintiff should not be paid until the said company actually had the money applicable to such payment.

Upon the trial, the evidence showed that nothing was done by these companies after their consolidation because of the failure to obtain the consent of the board of aldermen of Brooklyn, which was necessary for them to prosecute their work. There was also introduced in evidence the articles of incorporation of these companies, attached to which was an affidavit in reference to the Bridge Tunnel Company that a certain amount of stock had been subscribed and ten per cent. paid thereon, and the same affidavit in reference to the Tunnel Extension Company and also to the South Ferry and South Side and Direct Transit Company.

There was no evidence whatever that the defendant ever had any money in its treasury applicable to the payment of the plaintiff's claim, and it is clear from the nature of the complaint and the admissions of the answer that such was the fact, and that such was the understanding of the plaintiff at the time of the commencement of his action, and that his cause of action is because of neglect in not collecting claims which he alleges to have been due to the defendant.

Under these circumstances, the plaintiff cannot avail himself of a condition of affairs which contradicts the admissions contained in the pleadings. The defendant has a right to rely upon these admissions and to meet the cause of action only which is alleged in the pleadings. The court cannot make the pleadings conform to the evidence where

18

by so doing it takes out of the pleadings an allegation which has been made and which has been admitted. The defendant is entitled to that allegation and to the effect of the admission thereof, and he cannot be deprived of it under the guise of making the pleadings conform to the proof. Therefore, in the making out of a cause of action not properly raised by the pleadings, the plaintiff cannot avail himself of the right of the general term to make the pleadings conform to the proof in the face of express admissions contained in the pleadings to the contrary of such conformation.

The only question, therefore, is whether a cause of action of neglect and refusal has been made out. We think the proof totally fails to establish any such cause of action. It appears that the corporation ran against an obstacle early in its career. The officers of the corporation were not bound to go on and continue the business of the corporation after they had met with these difficulties. The plaintiff had made a contract that he would only call for his pay when the corporation had the money, evidently meaning the money applicable to the payment of his claim. He chose to contract in that form. It was the evident understanding of the parties that his claim depended upon the corporation being in funds.

There was no obligation on their part to go on with the objects for which the corporation was organized after it had been developed that they were impracticable. The plaintiff in the making of this contract in the form in which he did, ran this risk; and having run this risk, and the current of events having turned against him, he cannot claim now that although the corporation has not the money, and that it would be a fraud upon its stockholders for the corporation to attempt to continue its work with the certainty of absolute failure, yet it was bound to do so in order that it might be put in funds, out of which he might possibly collect his claim.

The citation of authorities to sustain the proposition that where the fulfilment of a condition precedent has been prevented by the act of the defendant, the plaintiff is relieved from the necessity of proving such fulfilment, in no way applies to the case at bar. He took the risk of this corporation having the money, and if for any reason short of an actual intent to defraud, it has not got the money, the plaintiff cannot recover by the very terms of his contract. It is possible that the contract was made in view of this anticipated condition of affairs that the corporation might not be able to go on with its enterprise, because of its failure to obtain the consents necessary for its success, and in that event it was probably anticipated that it would not be in funds, and consequently could not pay the plaintiff. He took the risk of this, and he must abide by his bargain.

The judgment should be reversed and a new trial ordered, with costs to appellant, to abide event.

BARTLETT, J., concurs.